# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARRY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV333 JAR |
| | ) |
| TROY STEELE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Barry Baker (registration no. 109541), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $76.20. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court will direct the Clerk to issue process on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent

of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.00, and an average monthly balance of $381.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $76.20, which is 20 percent of plaintiff's average monthly balance.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for

the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against thirty-seven officials at Potosi Correctional Center in both their individual and official capacities for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges the following set of facts, which the Court accepts as true for the purposes of these proceedings:

At all times relevant to the complaint, plaintiff has been in solitary confinement. In June and July 2013 plaintiff filed grievances against defendants Clifton Bandy and Caleb Brown for using racial slurs against him and other inmates. In response to defendants' continued verbal harassment, plaintiff and other inmates began refusing to respond to Bandy or Brown during count, that is, they refused to say their names or identification numbers as required by prison rules.

Defendants Troy Steele, Jamie Crump, Cindy Griffith, Gregory Dunn, and Daniel Bryan, who are all supervisors, authorized the other defendants to place plaintiff on strip cell status for thirteen days, from July 16, 2013, through July 29, 2013, as a result of plaintiff's violation of the prison's rules. On July 16, 2013,

defendants Willie Forbes, Unknown Henson, Jason Davis, Unknown Coulton, Unknown Whited, Unknown Wolf, and Unknown Douglas removed all of plaintiff's property from his cell and left him with one pair of socks, one t-shirt, one pair of underwear, and a mattress. No other items were permitted. Defendants conducted cell searches three times daily.

The following day, Bryan authorized defendants to commence searching plaintiffs cell nine times per day. This continued through July 23, 2013. On July 17, 2013, defendants Walker, Bandy, and Brown took away plaintiff's socks and t-shirt and took away other inmates prescription eyeglasses.

On the morning of July 24, 2013, defendants Coulton and Davis searched plaintiff's cell and removed his mattress, forcing him to sleep on the concrete floor, which resulted in back pain. Defendants did not give plaintiff a smock or a security blanket, which plaintiff says is provided for by prison policy.

From July 24 through 26 plaintiff's cell was searched once per hour for a total of forty-eight hours. During those same forty-eighty hours, defendants Wayne Scroggins, Unknown Baker, Davis, Forbes, Dill Leach, Unknown Henson, Chad Cooke, Walker, Terrie Rich, Donald Hale, Nicole Craddock, Unknown Thompson, Unknown Crocker, Unknown Boyer, Unknown Stone, Unknown Davidson, Coulton, Unknown Jarvis, Whited, Unknown Wolf, Unknown Cain, Unknown Young, Unknown Jones, Unknown Bellis, Unknown Brestemeyer, Shane Clack, Unknown Johnson, Unknown Kline, Brown, and Bandy took turns

kicking plaintiff's cell doors every fifteen minutes for forty-eight hours. Defendants also left the lights on in plaintiff's cell. All of this resulted in sleep deprivation.

Plaintiff says Steele, Crump, Griffith, Dunn, and Bryan authorized the hourly searches and the kicking of his cell doors every fifteen minutes to intentionally cause sleep deprivation.

**Discussion**

Upon review, the Court finds that the complaint survives initial review under § 1915(e) as to plaintiff's individual capacity claims. As a result, the Court will direct the Clerk to issue process on plaintiff's individual capacity claims.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep=t of State Police, 491 U.S. 58, 71 (1989). A[N]either a State nor its officials acting in their official capacity are >persons= under ' 1983.@ Id. As a result, plaintiff's official capacity claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $76.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to

include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint.

Dated this <u>11th</u> day of March, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE